# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOON RHEY,<br><br>    Plaintiff,<br><br>    v.<br><br>INFEOMA OGBUEHI, et al.,<br><br>    Defendants. | Case No. 1:17-cv-00718-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>(ECF Nos. 2)<br><br>**THIRTY-DAY DEADLINE** |

**I.**

**INTRODUCTION**

Plaintiff Choon Rhey is a state prisoner proceeding pro se in this civil rights matter pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on May 5, 2017 by filing a complaint. (ECF No. 1.) Along with the complaint, Plaintiff filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 2.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is currently before the Court.

1

## II.

## LEGAL STANDARD

28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." A prisoner seeking to bring a civil action must, in addition to filing an affidavit, "submit a certified copy of the trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

## III.

## DISCUSSION

Plaintiff has filed an application declaring that he is unable to pay the fees for these proceeds or give security therefor, and that he is entitled to the relief sought in his complaint. Plaintiff's application is supported by a certified inmate statement report printed on May 17, 2017 by an official at San Quentin State Prison, where Plaintiff is currently housed. The statement does not cover the entire six-month period preceding the filing of the complaint, but instead only shows transactions as of April 1, 2017.

Plaintiff's certified inmate statement report indicates that he currently has an available sum of $1,135.55 on account to his credit at his institution. Specifically, Plaintiff's beginning balance as of April 1, 2017 was $1,397.16, and he has recently spent some funds on legal mail ($8.81) and some funds on purchases at his institution ($252.80), leaving him with the current available balance noted above. The application and supporting information further demonstrates that Plaintiff has no dependents relying on him for financial support, and that he currently owes no restitutions or fines, and has no other obligations or encumbrances.

Based on the foregoing, Plaintiff has not provided a completed financial affidavit reflecting his assets for the six-month period preceding the filing of his complaint, as required. Furthermore, the information Plaintiff has provided reflects that he is financially able to prepay the entire filing fee to commence this action. Although the Ninth Circuit Court of Appeals has

held that "the filing fee, while discretionary, should not take the prisoner's last dollar." <u>Olivares v. Marshall</u>, 59 F.3d 109, 112 (9th Cir. 1995). In these circumstances Plaintiff has sufficient funds to prepay the $400 filing fee with hundreds of dollars left over for his discretionary use. Plaintiff has also recently spent funds on discretionary purchases. <u>See</u> <u>id</u>. (district court entitled to consider an inmate's choices in spending money, such as between a filing fee and comforts purchased in the prison commissary).

Should Plaintiff have additional information to provide, he may notify the Court. However, the Court has the authority to consider any reasons and circumstances for any change in Plaintiff's available assets and funds should the fund balance deplete considerably where he is now unable to prepay the filing fee. <u>See</u> <u>Collier v. Tatum</u>, 722 F.2d 653, 656 (11th Cir. 1983) (district court may consider an unexplained decrease in an inmate's trust account, or whether an inmate's account has been depleted intentionally to avoid court costs).

### IV.

### CONCLUSION

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this matter.

Further, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed in forma pauperis in this action, filed May 5, 2017 (ECF No. 2) be DENIED; and Plaintiff be ordered to pay the filing fee.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **thirty (30) days** of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

///

///

///

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 24, 2017**

UNITED STATES MAGISTRATE JUDGE