UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOON RHEY,<br><br>        Plaintiff,<br><br>    v.<br><br>INFEOMA OGBUEHI, et al.,<br><br>        Defendants. | Case No.: 1:17-cv-00718-AWI-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, AND ORDERING PLAINTIFF TO SUBMIT FILING FEE OR NOTICE OF VOLUNTARY DISMISSAL WITHIN FORTY-FIVE DAYS<br><br>[ECF Nos. 2, 5, 7] |

Plaintiff Choon Rhey is a state prisoner proceeding pro se in this civil rights matter pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 5, 2017, Plaintiff initiated this action by filing a complaint. (ECF No. 1.) Along with the complaint, Plaintiff filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 2.)

On May 25, 2017, the Magistrate Judge filed Findings and Recommendations recommending that Plaintiff's application to proceed in forma pauperis be denied, and that Plaintiff be ordered to pay the filing fee for this action. Specifically, the Magistrate Judge found that Plaintiff had not submitted a trust account statement for the entire six-month period preceding the filing of Plaintiff's complaint, as required. More importantly, the Magistrate Judge also found that Plaintiff then had an available sum

of $1,135.55, and based on his application and supporting documentation, he is able to pay the filing fee for this action. (ECF No. 5.)

The Findings and Recommendations were served on Plaintiff and contained notice that objections were to be filed within thirty days.  On June 19, 2017, Plaintiff timely filed objections. (ECF No. 7.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Plaintiff objects that his failure to provide a trust account statement showing six months of activity prior to filing his complaint was due to an inadvertent error by prison officials, and he has now supplemented his application with the necessary statement. (ECF No. 7, p. 11.) The Court accepts Plaintiff's explanation, and finds the trust account statement he has now submitted to be sufficient.

Plaintiff further objects that he cannot work due to mobility impairment, but receives sporadic financial help from friends and family members. This includes $999 that was received from a friend on March 3, 2017, which was sent to help Plaintiff with court costs. Plaintiff further submits that due to certain restrictions, he makes periodic large canteen purchases to last for several months. Plaintiff explains that his most recent purchases totaling $252.80 noted by the Magistrate Judge as an apparent discretionary expenditure was for additional food to supplement his prison meals.

The Court finds no error in the Magistrate Judge's finding that Plaintiff is financially able to prepay the entire filing fee to commence this action. Plaintiff has explained that despite having no income from work, he receives financial assistance from friends and family, including for the payment of court costs. A district judge is entitled to consider a plaintiff's "economic choices about how to spend his money, as between his filing fee and comforts purchased in the prison commissary." Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995). Under the circumstances present here, the Court finds it appropriate to order Plaintiff to prepay the $400 filing fee if he wishes to proceed in this action.

///

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed on May 25, 2017, are adopted in full;
2. Plaintiff's motion for leave to proceed in forma pauperis in this action (ECF No. 3) is DENIED;
3. Plaintiff is directed to pay the $400 filing fee in full, or a notice of voluntary dismissal, within thirty (30) days of the date of service of this order; and
4. The failure of Plaintiff to timely pay the filing fee will result in the dismissal of this case without further notice.

IT IS SO ORDERED.

Dated:  July 21, 2017

SENIOR DISTRICT JUDGE