# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOON RHEY,<br><br>    Plaintiff,<br><br>    v.<br><br>INFEOMA OGBUEHI, et al.,<br><br>    Defendants. | Case No. 1:17-cv-00718-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER<br><br>[ECF Nos. 17, 26]<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Choon Rhey is a state prisoner proceeding pro se in this civil rights matter pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's motion for a preliminary injunction and a temporary restraining order. (ECF No. 8.)

**I.**

**INTRODUCTION**

Plaintiff is a state inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR") who is currently being housed at California Men's Colony, West in San Luis Obispo, California. Plaintiff's complaint concerns events when he was incarcerated at Pleasant Valley State Prison ("PVSP"), in Coalinga, California.

1    The gravamen of Plaintiff's complaint is that he was wrongfully removed from single-cell status through the actions of Defendants Ogbuehi, Igbinosa, Pineda, Lovell, Freeland, and Chavez, who are employed at PVSP. Plaintiff seeks a preliminary injunction and temporary restraining order to restore his single-cell status.

## II.

## DISCUSSION

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. <u>Univ. of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense Council, Inc</u>., 555 U.S. 7, 20 (2008) (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. <u>Id.</u> at 22 (citation omitted) (emphasis added). The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction. <u>Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.</u>, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the Court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2). The pendency of this action does not give the Court jurisdiction over prison officials in general. <u>Summers v. Earth Island Institute</u>, 555 U.S. 488, 491–93, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009); <u>Mayfield v. United States</u>, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. <u>Summers</u>, 555 U.S. at 491–93; <u>Mayfield</u>, 599 F.3d at 969.

///

///

1    In this instance, Plaintiff has not demonstrated that he is likely to succeed on the merits of
2    his claim. The Court recently screened Plaintiff's complaint, found that it did not state any
3    cognizable claim, and dismissed it with leave to amend. Therefore, this action does not proceed
4    on any viable complaint at this time. Further, no defendant has been ordered served and no
5    defendant has yet made an appearance.

6    "[A] court has no power to adjudicate a personal claim or obligation unless it has
7    jurisdiction over the person of the defendant." Zenith Radio Corp. v. Hazeltine Research, Inc.,
8    395 U.S. 100, 110, 89 S.Ct. 1562 (1969); S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir.
9    2007). At this juncture, the Court lacks personal jurisdiction over the defendants and it cannot
10   issue an order requiring them to take any action. Nor does the Court have jurisdiction over
11   CDCR or prison officials generally merely based on the pendency of this action.

12   Thus, at this early stage in the litigation and based on the limited record, the Court cannot
13   find that Plaintiff has demonstrated a likelihood of success on the merits. Also, the relief Plaintiff
14   requests would require an intrusive order concerning the provision of medical accommodations
15   and the placement of inmates within the California Department of Corrections and
16   Rehabilitation.

17   Plaintiff also seeks injunctive relief against the officials employed at PVSP, where he is
18   no longer housed. Any injunctive relief against those officials is moot, as they are no longer
19   involved in determining his housing situation. See Holt v. Stockman, 2012 WL 259938, *6 (E.D.
20   Cal. Jan. 25, 2012) (a prisoner's claim for injunctive relief is rendered moot when he is
21   transferred from the institution whose employees he seeks to enjoin); see also Andrews v.
22   Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

## III.

## RECOMMENDATION

25   Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for a
26   preliminary injunction and temporary restraining order (ECF No. 8) be DENIED.

27   This Findings and Recommendation will be submitted to the United States District Judge
28   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**

**days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**September 21, 2017**__

UNITED STATES MAGISTRATE JUDGE