# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOON RHEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INFEOMA OGBUEHI, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-00718-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 16] |

Plaintiff Choon Rhey is a state prisoner proceeding pro se in this civil rights matter pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion seeking the appointment of counsel, filed on October 16, 2017. (ECF No. 16.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C.§ 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must

evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff seeks the appointment of counsel because he is unable to afford counsel and has been unable to hire an attorney on his own, the legal issues are complex, including that there are medical issues and six defendants, and he has limited knowledge of the law and limited law library access. Plaintiff also discusses that English is his second language, and that he does not have an educational background in the United States.

In the present case, the Court does not find that exceptional circumstances exist which would warrant a request for the voluntary assistance of counsel. Circumstances common to most prisoners, such as non-attorney status and limited law library access, do not establish exceptional circumstances. Further, the record reflects that Plaintiff is adequately able to articulate his claim, and the issues raised are not complex. Finally, at this early stage in the litigation, where Plaintiff has not yet pleaded any cognizable claim, the Court does not find any likelihood of success on the merits.

Accordingly, Plaintiff's motion for appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated: **October 17, 2017**

UNITED STATES MAGISTRATE JUDGE